UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
HUGO GOMEZ et al.,                    :
                                      :
                Plaintiffs,           :
                                      :
        -v-                           :    10 Civ. 3503 (JSR)
                                      :
BRILL SECURITIES, INC. et al.,        :
                                      :
                Defendants.           :    MEMORANDUM ORDER
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

On July 9, 2010, defendants moved to dismiss the complaint, or alternatively to compel arbitration of plaintiffs' claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and to stay plaintiffs' state law claims. After receiving full briefing, the Court heard oral argument on August 6, 2010. By "bottom line" order dated August 12, 2010, this Court granted defendants' motion to compel arbitration and stayed this action pending the resolution of the arbitration. This Memorandum Order explains the reasons for that decision.

Defendants are Brill Securities, Inc. ("Brill"), a brokerage firm, and various individual officers of Brill. See Am. Compl. ¶¶ 5-10. The named plaintiffs, stock brokers formerly employed by Brill, bring, inter alia, a purported FLSA collective action seeking unpaid overtime compensation on behalf of similarly situated former and current Brill stock brokers. See id. ¶¶ 11-14. Brill is a member of the Financial Industry Regulatory Authority ("FINRA"), and plaintiffs

and individual defendants are "associated persons" under the FINRA Rules. Although plaintiffs did not have employment contracts, they each executed a Form U-4 Uniform Application for Registration, which contained an arbitration provision:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of [FINRA] as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

Nutkis Decl. Ex. A, § 15A ¶ 5, ECF No. 17-1. This provision incorporates by reference the FINRA Code of Arbitration Procedure, Rule 13200 of which provides that, "[e]xcept as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among: Members; Members and Associated Persons; or Associated Persons." Rule 13204 prohibits arbitration of class action claims, although Rule 13312 allows "[o]ne or more parties [to] join multiple claims together in the same arbitration if the claims contain common questions of law and fact and . . . assert any right to relief jointly and severally; or . . . arise out of the same transaction or occurrence, or series of transactions or occurrences."

The parties do not dispute that an individual FLSA claim would be arbitrable. The central issue before the Court is thus whether a FLSA collective action is a "class action" for the purposes of Rule

2

13204 and as such is non-arbitrable. The Court concludes that it is not.

Plaintiffs rely on staff opinion letters from FINRA and its predecessor, the National Association of Securities Dealers ("NASD"), opining that Rule 13204 -- and its NASD predecessor -- prohibits arbitration of FLSA collective actions. Because FINRA is a quasi-governmental agency, plaintiffs contend that the staff opinion letters amount to an agency's interpretation of its own regulation that is entitled to deference under Auer v. Robbins, 519 U.S. 452, 461 (1997), or, at minimum, given weight as persuasive under Skidmore v. Swift & Co., 323 U.S. 134 (1944). However, the staff opinion letters are not the sort of agency interpretation that is entitled to deference by this Court. As FINRA itself makes clear, "[a]ll interpretive positions are staff positions, unless otherwise indicated. Staff-issued interpretive letters express staff views and opinions only and are not binding on FINRA and its Board; any representation to the contrary is expressly disclaimed." Goodman Decl. Ex. D, ECF No. 18-2 (FINRA webpage entitled "FINRA - Interpretive Letters"). Plaintiffs' argument would have this Court give the sort of weight to these letters that FINRA itself explicitly disclaims on its own behalf.

Moreover, the letters themselves do not contain the sort of detailed analysis that this Court might find persuasive. See, e.g., Kadushin Decl. Ex. A, ECF No. 22-1. There are significant differences

3

between an opt-out class action and an opt-in FLSA collective action that belie plaintiffs' contention -- and the opinion letters' conclusion -- that their suit ought to be swept under the auspices of Rule 13204.  Arguably, collective actions have much, if not more, in common with actions involving permissively joined claims, which are arbitrable under Rule 13312.  NASD, and subsequently FINRA, could have enacted a rule that barred arbitration of collective actions as well as class actions, but it did not do so.  The Court therefore concludes that plaintiffs' FLSA collective action is arbitrable under the FINRA rules and must be arbitrated pursuant to the Form U-4.  This conclusion is in accord with the only courts who have addressed the issue of whether FLSA collective actions are arbitrable under the FINRA rules.  See, e.g., Chapman v. Lehman Bros., Inc., 279 F. Supp. 2d 1286 (S.D. Fla. 2003).

Plaintiffs also argue that their FLSA claims are not arbitrable because Rule 13204(d) precludes compelling arbitration against "a member of a certified or putative class action with respect to any claim that is the subject of the certified or putative class action," and their state law class action claims cover the same subject matter as the FLSA collective action.  However, the Court rejects this attempt to circumvent the arbitration of plaintiffs' FLSA claim -- on which federal jurisdiction in this case is premised -- finding that to hold otherwise would allow plaintiffs to avoid arbitration and litigate in federal court so long as their FLSA claim

may also be styled as a state law class action claim. See, e.g., Coheleach v. Bear, Stearns & Co., 440 F. Supp. 2d 338 (S.D.N.Y. 2006) (compelling arbitration of FLSA claims and staying state law class action claims). Such an outcome is inconsistent with plaintiffs' obligations under the Form U-4 and the FINRA rules incorporated therein.

Accordingly, the Court hereby compels arbitration of plaintiffs' FLSA collective action and stays this action, including plaintiffs' state law claims, pending the resolution of the arbitration. The Clerk of the Court is directed to close all open items on the docket of this case and to place the case on the Suspense Calendar. The parties are directed to apprise the Court, in writing, every three months beginning February 1, 2011 as to the status of the arbitration.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       October 31, 2010